# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>**BORNEO ESTRADA**,<br><br>DEBTOR. | CASE NO.: 20-BK-21768<br><br>CHAPTER 7<br><br>HON. A. BENJAMIN GOLDGAR<br>U.S. BANKRUPTCY JUDGE<br>(LAKE)<br><br>**ZOOM HEARING**<br>HEARING DATE: JUNE 4, 2021<br>HEARING TIME: 11:00 A.M. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **June 4, 2021, at 11:00 a.m.**, I shall appear before the Honorable A. Benjamin Goldgar, or any judge sitting in that judge's place, and present the **U.S. Trustee's Motion to Dismiss Chapter 7 Case,** a copy of which is attached and served on you.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828- 7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 160 817 7512 and the password is 623389. The meeting ID and password can also be found on the judge's page on the court's web site.

─ 1 ─

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

/s/ David Paul Holtkamp
David Paul Holtkamp, Trial Attorney
OFFICE OF THE U.S. TRUSTEE
219 S. Dearborn Street, Room 873
Chicago, Illinois 60604
(312) 353-5014

## CERTIFICATE OF SERVICE

I, David Paul Holtkamp, an attorney, certify that I served a copy of this notice, the attached motion, and proposed order on each entity shown on the attached list at the address shown and by the method indicated on May 17, 2021, before 5:00 p.m.

/s/ David Paul Holtkamp

**SERVICE LIST**

**Registrants Served Through the Court's Electronic Notice for Registrants:**

Ilene F. Goldstein:   ifgcourt@aol.com, IL35@ecfcbis.com
Patrick S. Layng:   USTPRegion11.ES.ECF@usdoj.gov
David M. Siegel:   davidsiegelbk@gmail.com, R41057@notify.bestcase.com; johnellmannlaw@gmail.com

**Parties Served via First Class Mail:**

Borneo Estrada
1310 Almaden Lane
Gurnee, IL 60031

Harley-Davidson Credit Corp.
14841 Dallas Parkway, Suite 425
Dallas, TX 75254

─ 2 ─

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE:<br><br>**BORNEO ESTRADA**,<br><br>DEBTOR. | CASE NO.: 20-BK-21768<br><br>CHAPTER 7<br><br>HON. A. BENJAMIN GOLDGAR<br>U.S. BANKRUPTCY JUDGE<br>(LAKE)<br><br>**ZOOM HEARING**<br>HEARING DATE: JUNE 4, 2021<br>HEARING TIME: 11:00 A.M. |

## U.S. TRUSTEE'S MOTION TO DISMISS CHAPTER 7 CASE

NOW COMES PATRICK S. LAYNG, the United States Trustee for the Northern District of Illinois (the "*U.S. Trustee*"), by his attorney, David Paul Holtkamp, and moves this Court to enter an order dismissing the Chapter 7 case of Borneo Estrada (the "*Debtor*") under 11 U.S.C. §§ 707(b)(1) and (b)(3). In support of the request, the U.S. Trustee alleges as follows:

### I.   INTRODUCTION

1. This case should be dismissed under § 707(b)(1). The totality of the Debtor's financial circumstances demonstrates that the Debtor's case is an abuse under 11 U.S.C. § 707(b)(3). *See* 11 U.S.C. § 707(b)(3). The Debtor's amended Schedule I shows a total of $617 in voluntary retirement contributions and retirement loan repayments. Those are not valid expenses under the § 707(b)(3) analysis and those funds must be made equally available to all creditors. The Debtor currently states on his amended Schedule J that he has a monthly net income of $0, but if the $617.00 in retirement contributions and loan repayments were added back in, as they must be,

— 3 —

the Debtor would be able to repay $37,020 over 60 months ($617 x 60). The Debtor's schedules reflect $40,433.00 in general unsecured debts. Therefore, the Debtor can repay about 92% of his unsecured debts.

2. Accordingly, if the Debtor does not voluntarily convert this case to chapter 13, it should be dismissed under § 707(b)(1).

## II. JURISDICTION

3. The Court has jurisdiction to hear and determine this proceeding. *See* 28 U.S.C. § 157(b)(2), IOP 15(a) and Local Rule 40.3.1 of the United States District Court for the Northern District of Illinois.

4. Movant is the U.S. Trustee for the Northern District of Illinois and is charged with supervising the administration of bankruptcy cases under 28 U.S.C. § 586(a). The U.S. Trustee has standing to bring this Motion under 11 U.S.C. § 307.

## III. BACKGROUND

5. The Debtor filed this case on December 19, 2020, under chapter 7 of the Bankruptcy Code. *See* Petition, Dkt. No. 1.

6. The Debtor filed his schedules, statements of financial affairs, and means test forms with his petition. *See id.*

7. The Debtor's schedules show $40,433.00 in general unsecured debts. *See id.,* at 8 of 51.

8. The Debtor's debts are primarily consumer debts. *See id.*

9. On March 17, 2021, the Debtor filed amended Schedules I and J. *See* Dkt. No. 19.

10. The Debtor's amended Schedules I and J reflect a monthly net income of $0.00. *See id.,* at p. 4 of 4.

11. Schedule I includes a deduction of $329 per month for "Future Building Cntrb" which is the name of his employer's 401(k) plan.[1] *See id.* at p. 2 of 4. It also includes $288.00 per month in repayments of retirement fund loans. *See id.* That is a total of $617 per month, or $37,020 over 5 years.

12. The U.S. Trustee has until May 17, 2021 to file this motion. Therefore, this motion is timely filed.

## IV.   ARGUMENT

### A.   The Case should be dismissed under § 707(b)(1) and (b)(3).

13. This case should be dismissed under 11 U.S.C. 707(b)(1) as an abuse as determined by § 707(b)(3). Section 707(b)(3) directs courts to consider whether the case is an "abuse" of Chapter 7 based on several factors. Specifically, the court "shall consider" whether the case was filed in "bad faith," or whether "the totality of the circumstances of the debtor's financial situation ... demonstrates abuse." 11 U.S.C. §§ 707(b)(3)(A); 707(b)(3)(B).

14. There are a number of factors the Court should consider under a § 707(b)(3) totality of the circumstance's analysis. "Those factors include what is generally recognized as the primary, albeit not necessarily conclusive, factor, namely [(1)] the debtor's 'ability to repay his debts out of future earnings,' as well as such other factors

---

[1] The Debtor is employed by Home Depot. It sponsors a retirement plan called the "Future-Builder 401(k) Plan." *See* plan website, available at: https://secure.livethehealthyorangelife.com/financial_wellness/save/future-builder-401k-plan.

as [(2)] 'whether the debtor enjoys a stable source of future income, [(3)] whether he is eligible for adjustment of his debts through Chapter 13 of the Bankruptcy Code,' and [(4)] whether he was forced into Chapter 7 by unforeseen or catastrophic events." *In re Corridori*, 2010 WL 3522122, at *1 (Bankr. D. Mass. Sept. 1, 2010) (citing *In re Lamanna*, 153 F.3d 1, 4 (1st Cir. 1998)); *In re Krohn*, 886 F.2d 123, 126 (6th Cir.1989); *In re Lorenca*, 422 B.R. 665, 669 (Bankr. N.D. Ill. 2010) (citing *In re Cutler*, 2009 WL 2044378, at *3 (Bankr. S.D. Ind. July 9, 2009)).

15. Therefore, the most relevant factor when assessing abuse under § 707(b)(3) is the debtor's ability to repay his debts. *See In re Smith*, 2016 Bankr. LEXIS 4508, at *7 (Bankr. N.D. Ill. Dec. 27, 2016) (Goldgar, J.) ("ability to pay is 'a primary and potentially sufficient consideration'."); *In re Costello*, 2002 WL 1821663 at *4 (N.D. Ill. 2002) ("[f]ive of six courts of appeals to address the 'substantial abuse' standard agree that the 'primary' or 'principal' factor is the debtors' ability to repay [their] debts."). *see also, In re Behlke*, 358 F.3d 429, 437 (6th Cir. 2004); *In re Green*, 934 F.2d 568 (4th Cir. 1991); *In re Lorenca*, 422 B.R. 665 (Bankr. N.D. Ill. 2010). The analysis of this factor includes a determination of whether the debtor's budget includes excessive or unreasonably high expenses. *In re Bacardi*, 2010 WL 54760, at *4 (Bankr. N.D. Ill. Jan. 6, 2010). It also includes whether the debtor can rearrange his affairs without significant hardship to free up funds to repay a significant amount of debt. *See id*.

1. **The Ability to Repay Factor Favors Dismissal.**

16. First, the ability to pay test is generally governed by income and expenses in Schedules I and J. *In re Lipford*, 397 B.R. 320, 328 (Bankr. M.D.N.C. 2008) ("The

— 6 —

Court will evaluate the Debtors ability to pay by considering their income and expenses as reported on their Schedules I and J."). The Debtor's amended Schedules I and J as filed reflect $0.00 per month in net income. But that amount includes expenses for voluntary contributions to retirement plan ("FutureBuilder" contributions) in the amount of $329 per month and the repayment of a retirement fund loan in the amount of $288 per month, for a total of $617 per month.

17. Certainly, saving for retirement is a good idea. However, retirement accounts are essentially long-term savings accounts with special tax benefits. Debtors cannot funnel money into one of their normal savings accounts while paying creditors nothing and the same is generally true for retirement accounts. "There is also no question that 401(k) contributions should be included in the calculation of a debtor's income for purposes of §707(b)(3). To hold otherwise would force a debtor's creditors to fund the debtor's retirement plan." *In re Williams*, 2013 Bankr. LEXIS 5642, at *11 (Bankr. M.D. Fla. Sep. 23, 2013) citing *In re Croskey*, 2007 Bankr. LEXIS 1553, 2007 WL 1302571 (Bankr. N.D. Ohio 2007); *see also, In re Parada*, 391 B.R. 492, 503 (Bankr. S.D. Fla. 2008) (voluntary contribution to IRA not allowable expense in chapter 7). That money could and should be used to repay creditors, and therefore must be counted in the ability to repay analysis.

18. The same is true for the repayment of a retirement fund loan. "401(k) contribution and loan repayments are not permissible deductions when determining an 'ability to pay' under § 707(b)." *In re Masella*, 373 B.R. 514, 521 (Bankr. N.D. Ohio 2007). When those retirement contributions and repayments are added back into the

— 7 —

Debtor's monthly income his monthly net income increases to $617.00. ($329 + $288). *See* Affidavit of Thomas Thornton, attached as **Exhibit A**. That is $37,020.00 over 60 months or about 92% of the Debtor's total unsecured debt.

### 2. The Debtor has Stable Income.

19. The second factor is whether the Debtor enjoys stable income also favors dismissal. The Debtor's Schedule I reflects that he has been at his current position for 16 years and there is no indication that this position is precarious, or that his employment will change soon. This factor favors dismissal.

### 3. The Debtor is Eligible for Chapter 13.

20. Third, there is no apparent reason that the Debtor would not be eligible for chapter 13. With that option being available, the factor weighs in favor of dismissal under § 707(b)(3).

### 4. There was no Calamity that Caused the Filing.

21. Fourth, the Debtor has not asserted any calamity or catastrophic event that caused the bankruptcy. If there was some emergency or other catastrophic onetime event that caused the bankruptcy this factor could have weighed in favor of the Debtor. But that is not what happened here. Thus, this factor also favors dismissal.

## V. CONCLUSION.

22. The Debtor's debts are primarily consumer debts and therefore § 707(b) applies. The totality of the circumstances show that this case is an abuse of this chapter and should be dismissed under 11 U.S.C. 707(b)(1) and (b)(3).

WHEREFORE, the U.S. Trustee respectfully request that this Court enter an order substantially in the form submitted herewith dismissing this case as an abuse under 11 U.S.C. § 707(b)(1).

DATED: <u>May 17, 2021</u>

PATRICK S. LAYNG
UNITED STATES TRUSTEE

By: */s/ David Paul Holtkamp*
David Paul Holtkamp, Trial Attorney
OFFICE OF THE U.S. TRUSTEE
219 S. Dearborn, Room 873
Chicago, Illinois 60604
Main: (312) 353-5014
Cell: (202) 567-1489