# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| BORNEO ESTRADA, | ) | Case No. 20-21768 |
| | ) | |
| Debtor. | ) | Hon. Judge: GOLDGAR |

## NOTICE OF FILING

*The following persons or entities who have been served via electronic mail*:
U.S. Bankruptcy Trustee: USTPRegion11.ES.ECF@usdoj.gov
David Paul Holtkamp, Office of the U.S. Trustee: David.Holtkamp@usdoj.gov
Ilene Goldstein, Chapter 7 Panel Trustee: ifgcourt@aol.com

*The following persons or entities who have been served via first-class U.S. mail*:
Borneo Estrada, 1310 Almaden Lane, Gurnee, IL 60031

**Please take notice that I have filed the attached Response to the U.S. Trustee's Motion to Dismiss Chapter 7 Case, docket number 29, on June 25, 2021.**

## PROOF OF SERVICE

The undersigned certifies that copies of this Notice and attachments were served to the listed persons or entities, if service by mail was indicated above, by depositing same in the U.S. Mail at Wheeling, Illinois 60090, on or before June 25, 2021, at 5:30 p.m., with proper postage prepaid, unless a copy was provided electronically by the Bankruptcy Court.

DATE OF SERVICE: June 25, 2021             /s/ Robert C. Bansfield Jr.
                                            Robert C. Bansfield Jr., A.R.D.C. #6329415

Attorney for the Debtor(s)
DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, IL  60090
(847) 520-8100
rbansfield@davidmsiegel.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| BORNEO ESTRADA, | ) | Case No. 20-21768 |
| | ) | |
| Debtor. | ) | Hon. Judge: GOLDGAR |

**RESPONSE TO THE U.S. TRUSTEE'S MOTION TO DISMISS CHAPTER 7 CASE**

NOW COMES the Debtor, **Borneo Estrada**, by and through his attorneys, David M. Siegel & Assoc., LLC, to respond to the **U.S. Trustee's Motion To Dismiss Chapter 7 Case**, and in support thereof states as follows:

## Introduction

1) Jurisdiction is proper and venue is fixed in this Court with respect to these parties.

2) Debtor filed a petition for relief under Chapter 7 of Title 11 U.S.C. on December 19, 2020. Ilene Goldstein was appointed the Chapter 7 Panel Trustee in this case.

3) On June 2, 2021, the U.S. Trustee, by and through his attorney, filed a Motion to Dismiss Chapter 7 Case ("M.T.D.") or in the alternative, allow the Debtor to voluntarily convert the case to a Chapter 13 case.

4) The U.S. Trustee states that a totality of the circumstances test for Debtor's Chapter 7 bankruptcy supports a finding of abuse under 11 U.S.C. §§707(b)(1) and 707(b)(3). *See* M.T.D. at p.1.

5) As support for his Motion to Dismiss, the U.S. Trustee states that the Debtor's voluntary retirement contributions and repayment of his retirement loans are not valid under §707(b)(3) and therefore, Debtor has an ability to repay his creditors. *Id*.

6) However, the U.S. Trustee's Motion takes the minority approach to this issue. *See U.S. Tr. v. Kubatka* (*In re Kubatka*), 605 B.R. 339, 361-362 (Bankr. W.D. Pa. 2019). The majority approach takes the opposite stance: voluntary retirement contributions and repayment of retirement loans in a Chapter 7 bankruptcy are an allowable expense and therefore do not constitute abuse under §707(b)(3). *Id.*

7) It would appear that this issue is one of a first impression before this Court, seeing that the U.S. Trustee's Motion does not cite any Seventh Circuit or Northern District of Illinois cases to support his position and a review of this issue has not returned any results for Debtor.

8) Since this is a matter of first impression before this Court, the Debtor respectfully requests that this Court follow the majority approach to the issue and deny the U.S. Trustee's Motion to Dismiss.

## **Argument**

9) The U.S. Trustee has the burden of proof when moving for dismissal under 11 U.S.C. §707(b)(3). *See generally In re Lorenca*, 422 B.R. 665 (Bankr. N.D. Ill. 2010)(Schmetterer, J.).

10) As mentioned, it would appear that this issue is one of first impression before the Court. Other than Judge Hollis' decision that retirement contributions are not to be factored in disposable income in a Chapter 13 bankruptcy (*See generally In re Hall*, 2013 WL 6234613, at *9 (Bankr. N.D. Ill. 2013)(Hollis, J.)), no published opinion in this District or Circuit can be found that discusses the main issue in this matter. When there is an issue of first impression before a court, the court should follow "well-established principles of statutory construction" when deciding a matter. *In re B.R. Brookfield Commons No. 1, LLC.*, 735 F.3d 596, 598 (7th Cir. 2013).

11) The Bankruptcy Code states, "…the court…may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts…if it finds that the granting of relief would be an abuse of the provisions of this chapter." 11 U.S.C. §707(b)(1). The Code goes on to state:

> "[i]n considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in paragraph (2)(A)(i) does not arise or is rebutted, the court shall consider—
>
> (A) whether the debtor filed the petition in bad faith; or
>
> (B) the totality of the circumstances … of the debtor's financial situation demonstrates abuse.
>
> 11 U.S.C. §707(b)(3).

12) Nowhere in the Bankruptcy Code is the phrase "totality of the circumstances" defined and nor has the Seventh Circuit addressed the question of the meaning of the phrase in relation to a motion to dismiss under §707(b)(1) and (b)(3). *In re Bacardi*, No. 09 B 25757, 2010 WL 54760, at *5-6 (Bankr. N.D. Ill. 2010)(Goldgar, J.). *See also In re Grinkmeyer*, 456 B.R. 385, 389 (Bankr. N.D. Ind. 2011)(Lorch, J.), *In re Smith*, 2016 Bankr. LEXIS 4508 at *5 (Bankr. N.D. Ill. 2016)(Goldgar, J.).

13) As the U.S. Trustee points out in his motion, the primary consideration in determining abuse under §707(b)(3) is a debtor's ability to repay his or her debts. *See* M.T.D. at p.15. *See also In re Smith* at *6.

14) After the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") passed in 2005, there were three different interpretations regarding retirement account contributions and retirement loan repayments that emerged: 1) the majority

interpretation, also known as the *Johnson* approach[1], 2) the minority interpretation, also known as the *Prigge* view[2], followed by the Sixth and Ninth Circuits, and 3) a middle ground approach (*see Kubatka* footnote 134, string citation omitted). *Kubatka*, 605 B.R. 339 at 361.

15) When BAPCPA was enacted in 2005, there were two new provisions added that affect this case. The two sections added were 11 U.S.C. §541(b)(7) and 11 U.S.C. §1322(f). Section 541(b)(7) states that "any amount – (A) withheld by an employer from the wages of employees for payment as contributions" or "any amount – (B) received by an employer from employees for payments as contributions" to a qualified retirement account are not property of the bankruptcy estate. 11 U.S.C. §541(b)(7). Because retirement account contributions are exempted under §541, "they simply 'do not constitute disposable income' under §1325(b) in the first place." *In re Shelton*, 370 B.R. 861, 865 (Bankr. N.D. Ga. 2007). Section 1322(f) states "… any amounts required to repay [a qualified retirement loan][3] shall not constitute 'disposable income under section 1325." 11 U.S.C. §1322(f). These two sections combined make it clear that contributions to a qualified retirement account and repayment of qualified retirement loans are not to be treated as "disposable income" in a Chapter 13 bankruptcy case. *Kubatka*, 605 B.R. 339 at 363. *See also In re Hall*, 2013 WL 6234613, at *19 (retirement contributions do not get counted when calculating a debtor's disposable income in a Chapter 13 bankruptcy).

16) However, the cases that the U.S. Trustee uses to support his position follow a minority and "flawed" reasoning to reach their conclusion. *Kubatka*, 605 B.R. 339 at 363. *See also In re Hall*, 2013 WL 6234613, at *9 (Bankr. N.D. Ill. 2013)(Hollis, J.). The minority approach is incorrect because while their view is that retirement contributions and retirement loan

---

[1] *Baxter v. Johnson* (*In re Johnson*) 346 B.R. 256 (Bankr. S.D. Ga. 2006).
[2] *In re Prigge*, 441 B.R. 667 (Bankr. D. Mont. 2010).
[3] *See* 11 U.S.C. §362(b)(19) for definition of "a qualified retirement loan".

repayments are disposable income, "…the effect of sections 541(b)(7) and 1322(f) is to exclude both voluntary retirement account contributions and loan repayments from 'disposable income' in chapter 13 cases" and therefore excluded from consideration in determining abuse under §707(b). *Id.* at 363.

17) While the Sections 541(b)(7) and 1322(f) only apply to a Chapter 13 case analysis of disposable income, '…an ability to pay analysis under section 707(b)(3)(B) is generally considered within the context of a hypothetical chapter 13 case." *Kubatka*, 605 B.R. 339 at 363 (footnote with string citation omitted). *See generally* In *re Lorenca*, 422 B.R. 665 (Bankr. N.D. Ill. 2010)(Schmetterer, J.), *see also In re Bacardi*, No. 09 B 25757, 2010 WL 54760 (Bankr. N.D. Ill. 2010)(Goldgar, J.). Since contributions to a qualified retirement account and repayment of a qualified retirement loan do not count as disposable income in a Chapter 13 case, they cannot be used as a factor to determine "whether the debtor's budget includes excessive or unreasonably high expenses." *See* M.T.D. at p.6. *See also In re Bacardi*, No. 09 B 25757, 2010 WL 54760 at *4.

18) Judge Hollis gives an apt analogy that helps to underscore why retirement contributions should not be included in determining disposable income:

> "If a type of property is excluded from property of the estate, but not listed in the exemptions under 11 U.S.C. §522(d), is that type of property non-exempt? No, because only property that comes into the estate can be exempted back out. It is unnecessary to exempt the property, because it has already been excluded from the universe of property of the estate.
> Similarly, it is a moot point to ask whether voluntary 401(k) contributions are a necessary expense. Those contributions are never included in disposable income in the first place, so they need not be pulled out of disposable income with other necessary expenses."

*In re Hall*, 2013 WL 6234613, at *16

19) In this case, the majority of the U.S. Trustee's argument in favor of dismissing this case or converting it to a Chapter 13 case rests on the argument that without the Debtor's retirement contributions and repayment of his 401(k) loan, Debtor would be able to fund a Chapter 13 plan that would repay his creditors about 92%. *See* M.T.D. at p. 18. However, this argument ignores that fact that the Bankruptcy Code explicitly exempts these two payments from being considered as disposable income in a Chapter 13 repayment plan and therefore should not be considered when conducting a repayment analysis under 11 U.S.C. §707(b)(1) and (3).

20) The Debtor's contributions to his retirement account are necessary. The Debtor is currently 53 years old and nearing retirement. As the U.S. Trustee points out, "[c]ertainly, saving for retirement is a good idea." *See* M.T.D. at p. 17. The Debtor's contributions to his retirement account are also not excessive. Debtor contributes an estimated $329.00 per month against his gross income of about $5,067.00 per month. *See* Amended Schedule I at docket #19. That is roughly about 6% of his monthly gross income. Debtor contributes roughly just under $4,000.00 to his retirement account a year, while the yearly limit for retirement contributions is $19,500.00.[4]

21) The U.S. Trustee's motion mentions three other factors that favor the dismissal of Debtor's case: that he has stable income, that he is eligible for a Chapter 13 bankruptcy case, and that no calamity caused the filing of this case. *See* M.T.D. at p. 19-21.

22) However, just because the Debtor has been employed for 16 years at his current employer, this does not guarantee that Debtor cannot lose his job at a moment's notice. Illinois is

---

[4] *See Retirement Topics – 401(k) and Profit Sharing Plan Contribution Limits*, Internal Revenue Service (June 23, 2021), https://www.irs.gov / retirement-plans/plan-participant-employee/retirement-topics-401k-and-profit-sharing-plan-contribution-limits.

an "at-will" employment state and an employee can be fired at any time.[5] Debtor is also not eligible for a Chapter 13 bankruptcy. In order to successfully participate in a Chapter 13 bankruptcy, a debtor needs to make monthly plan payments. *See* 11 U.S.C. §1307(c) (a case can be dismissed for failure to make plan payments) and §1326 (a debtor must start making plan payments within 30 days after the filing of a Chapter 13 case). Since retirement contributions and 401(k) loan repayments are not calculated as disposable income under Chapter 13, the Debtor has no disposable income to afford a Chapter 13 bankruptcy plan payment and would not be eligible for a Chapter 13 case. Lastly, while there is no emergency or sudden catastrophic event that led to Debtor's bankruptcy prior to the filing of Debtor's case, Debtor and his spouse separated and eventually filed for divorce.[6] The costs incurred by events are what led Debtor to file for bankruptcy.

23) The U.S. Trustee's Motion also mentions bad faith as reason for dismissal under 11 U.S.C. §707(b)(3). *See* M.T.D. at p. 13. However, no where in the motion does the U.S. Trustee allege that Debtor filed his bankruptcy petition in bad faith. In the U.S. Trustee's conclusion, it also only mentions that the case should be dismissed under a totality of the circumstances test. *See* M.T.D. at p. 22.

## Conclusion

24) The U.S. Trustee has the burden of proof when moving for dismissal under 11 U.S.C. §707(b)(3). *In re Lorenca*, 422 B.R. 665 (Bankr. N.D. Ill. 2010)(Schmetterer, J). The U.S. Trustee has failed to meet his burden in this case because the Debtor's retirement contributions

---

[5] *See Frequently Asked Questions*, Illinois Department of Labor (June 23, 2021), www2.Illinois.gov/idol/faqs/pages/default.aspx
[6] *See* Lake County case number 20D00001816.

and 401(k) loan repayments are not disposable income as he alleges. Debtor has also shown that the other factors mentioned by the U.S. Trustee do not favor dismissal. As such, the U.S. Trustee has not met his burden to show that a totality of the circumstances demonstrates abuse of the Bankruptcy Code and the Motion to Dismiss Chapter 7 Case should be denied.

WHEREFORE, the Debtor, **Borneo Estrada**, prays that the Court deny the U.S. Trustee's Motion to Dismiss Chapter 7 Case and for any other relief that this Honorable Court deems fair and proper.

Respectfully Submitted,

/s/ Robert C. Bansfield Jr.
Robert C. Bansfield Jr., A.R.D.C. #6329415
Attorney for the Debtor

David M. Siegel & Associates, LLC
790 Chaddick Drive
Wheeling, IL 60090
(847) 520-8100
rbansfield@davidmsiegel.com